Witt vs. The State.

WITT vs. THE STATE.

| 9 663 | 9 67 63 |
| f152 131 | 108 614 |
| 152 132 | 9 671 63 |
| | 138 137 |
| 9 673 | 9 671 |
| 86a 519 | 75a 134 |

On an indictment for larceny, the court instructed the jury: "If the jury believe from the evidence that the horse belonged to Smith, and that the prisoner took and carried away the horse, without the knowledge and consent of Smith, with the intention of selling him or of converting him to his own use, they ought to find him guilty. And although the jury may believe from the evidence that Smith, in the contract spoken of had agreed that the prisoner might ride the horse, yet if they believe the prisoner took the horse with the intention of selling him, or of converting him to his own use, they ought to find him guilty."

Held,

| 9 | 663 |
| 177 | 686 |
| 9 | 663 |
| 174 | 523 |

That this instruction was erroneous, the facts assumed being such as only to constitute a trespass.

APPEAL from the Polk Circuit Court.

SCOTT, J. delivered the opinion of the court.

Witt was indicted, convicted and sentenced to imprisonment in the penitentiary for stealing a gelding, the property of S. Smith. After the close of the evidence tending to show that the horse was taken by the prisoner, sundry instructions were asked and refused on behalf of the defence. The court then gave the following instruction which was excepted to by the prisoner : " If the jury believe from the evidence that the horse belonged to Smith, and that the prisoner took and carried away the horse, without the knowledge or consent of Smith, with the intention of selling him, or of converting him to his own use, they ought to find him guilty. And although the jury may believe, from the evidence, that Smith, in the contract spoken of, had agreed that the prisoner might ride the horse, yet if they believe the prisoner took the horse with the intention of selling him, or of converting him to his own use, they ought to find him guilty."

The legality of the conviction must depend on the propriety of the foregoing instruction. Larceny is defined to be the wrongful taking and carrying away of the personal goods of any one from his possession, with a felonious intent to convert them to the use of the offender without the consent of the owner. E. P. C. 553. The taking must be done *animo furandi*, or as the civilians express it, *lucri causa*. Every felony includes trespass, and every indictment for larceny must have the words *felonice cepit*, as well as *asportavit*. The felonious intent is the material ingredient in the offence. To constitute this offence, therefore, in any form, there must be a taking from the possession, a carrying away against the will of the owner, and a felonious intent to convert it to the offender's use. 3 Chit. 675. There must be a felonious intent, and where goods are taken possession of on a claim of right, although that right may be unfounded it is not a felony. Hawk. What acts constitute this felonious intent, is a matter of great difficulty. Sir William Blackstone says, the ordinary discovery of a felonious intent, is when the party doth it clandestinely, or being charged with the fact denies it. But this is by no means the only criterion of criminality. For in cases that may amount to larceny, the variety of circumstances is so great, and the complication thereof so mingled, that it is impossible to recount all those which may evidence a felonious intent or *animum furandi ;* wherefore they must be left to the due and attentive consideration of the court and jury. 4 Com. Chitty says, when the taking exists, but without fraud, it may amount only to a trespass. This is a point frequently depending on circum-

stantial evidence, and to be left to the jury's decision. 1 Chit. Archibold says, in all cases of larceny, the questions whether the def.ndant took the goods knowingly or by mistake, whether he took them *bona fide*, under a claim of right or otherwise, and whether he took them with an intent to return them to the owner, or to deprive the owner of them altogether, and to appropriate or convert them to his own use, or fraudulently, and to deprive the owner of them altogether, are questions entirely for the consideration of the jury, to be determined by them upon a view of the particular facts of the case. 180.

A claim to the property stolen is frequently set up as a defence in prosecutions for larceny. It is always a question for the jury, whether such a pretension is an afterthought, to screen a felonious intent, or whether the property was taken in good faith, under a belief that the party had a right to it. If the bare assertion of a claim to stolen goods shall prevent a conviction for larceny, there is no protection to property against the invasions of depredators.

It will thus be seen from what has been observed, that there cannot be a larceny without a felonious intent. That the taking the personal goods of another without this intent, may be a trespass, but it cannot amount to larceny. The prisoner, then, might have done every act supposed by the instruction of the court without being guilty of a felony. The instruction defined a trespass, and not a larceny, and it was error to have told the jury that the commission of the acts mentioned in it, rendered the prisoner guilty of larceny.

The other Judges concurring, the judgment will be reversed, and a new trial had in the cause.