THE STATE v. CHARLES LITTRELL AND GEORGE PROFFITT, Appellants.

Division Two, October 27, 1902.

Grand Larceny: INSTRUCTION. An instruction on grand larceny from which is omitted a direction to the jury to find that the money or goods were "wrongfully and fraudulently taken and carried away by the defendant with the felonious intent to convert the same to his own use, and to make it his own property without the consent of the owner," is erroneous.

Appeal from Chariton Circuit Court.—*Hon. J. P. Butler,* Judge.

REVERSED AND REMANDED.

*Wallace & Miller* for appellants.

The court erred in giving instruction numbered one on behalf of the State, because said instruction does not contain the elements constituting the crime of grand larceny. An instruction which does not require the jury to find that the goods were taken and carried away with fraudulent and felonious intent, omits an essential element of larceny. Hitt v. State, 9 Mo. 663; State v. Moore, 101 Mo. 316; State v. Campbell, 108 Mo. 611; State v. Lackland, 136 Mo. 26; State v. Rutherford, 152 Mo. 124; State v. Cunningham, 154 Mo. 161; State v.

McLain, 159 Mo. 340; 3 Chitty's Criminal Law, p. 949;
1 Whart. Crim. Law (9 Ed.), sec. 862; 1 Bish. Crim.
Law, p. 917.

*Edward C. Crow,* Attorney-General, and *Sam B.
Jeffries,* Assistant Attorney-General, for the State.

The instruction should have required the jury to
find that the money was wrongfully and fraudulently
taken and carried away by the defendants with the
felonious intent to convert the same to their own use,
and to make it their own property without the consent
of its owner. State v. Gray, 37 Mo. 463; State v. Sher-
mer, 55 Mo. 83; State v. Ware, 62 Mo. 602; State v.
Moore, 101 Mo. 316; State v. Lackland, 136 Mo. 26. For
the obvious error above mentioned, we deem it unneces-
sary to discuss any other point raised by defendant, as
the case must, of necessity, be reversed.

BURGESS, J.—At the February term, 1902, of the
circuit court of Chariton county, defendants were con-
victed of grand larceny and their punishment fixed at
two years imprisonment, respectively, in the peniten-
tiary, under an information theretofore filed by the
prosecuting attorney of said county in the office of the
clerk of the circuit court charging them with having on
December 10, 1901, at said county, unlawfully and felon-
iously stolen thirty-five dollars of lawful money of the
value of thirty-five dollars, and two pairs of spectacles
of the value of one dollar per pair, and one pocketknife
of the value of one dollar, all of the aggregate value of
thirty-five dollars, all of the money being the personal
property of one John Adams.

The conviction was for stealing the money alleged
to have been stolen. They appeal.

It is only necessary to a disposal of the case by this
court to pass upon one question, and that is with respect
to instruction numbered one, given by the court on be-
half of the State which defendants insist is erroneous in
that it does not require the jury to find that the money

was wrongfully and fraudulently taken and carried away by the defendants with the felonious intent to convert the same to their own use, and to make it their own property without the consent of its owner.

The instruction reads as follows:

"1.   The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the defendants, Charles Littrell and George Proffitt, at the county of Chariton, in the State of Missouri, on or about December 10, A. D. 1901, and within three years next before the filing of the information in this case, to-wit, the ——— day of December, A. D. 1901, did then and there willfully and feloniously steal, take and carry away thirty-five dollars lawful money of the United States of the value of thirty-five dollars or any other amount of money of the value of thirty dollars or more, the personal property of John Adams, then you will find the defendant guilty of grand larceny and assess the punishment of each defendant separately at imprisonment in the penitentiary for a term not less than two years nor more than five years."

Defendants' contention is conceded by the State to be settled by a uniform decision of this court (State v. Gray, 37 Mo. 463; State v. Shermer, 55 Mo. 83; State v. Ware, 62 Mo. 602; State v. Moore, 101 Mo. 316; State v. Lackland, 136 Mo. 26; State v. Rutherford, 152 Mo. 124) and that the judgment must of necessity be reversed.

It is so ordered, and the cause remanded.    All concur.