## THE STATE v. WALLER, Appellant.

**Division Two, May 19, 1903.**

**Grand Larceny:** OWNER'S CONSENT. An instruction in a prosecution for grand larceny, which fails to tell the jury that the goods or property have been taken "without the consent of the owner," is erroneous. Unless the taking was "without the consent of the owner" it was not larceny, but trespass.

Appeal from Jackson Criminal Court.—*Hon. John W. Wofford*, Judge.

REVERSED AND REMANDED.

*Phil. D. Clear* and *J. S. Brooks* for appellant.

(1) Instruction 1 is erroneous in the following respects: (a) It fails to tell the jury that the goods must have been taken "without the consent" of the owner. (b) It tells the jury that defendant was guilty if he took "any part of the goods described in the information of the value of $30 or more," without telling them that if they found defendant stole only a part of the goods they should show what part in their verdict. (c) The only issue in the case being that of value of the property, the instruction to find defendant guilty of grand larceny if he stole "any part of the goods of the value of thirty dollars or more," is erroneous, since it is not required that the jury should find as a fact that the goods were of the value of thirty dollars or more, the offense being petit larceny, if there is a reasonable doubt that the goods were worth more than thirty dollars. And the same rule of law applies to instruction 2. Kelley's Crim. Law & Prac. (2 Ed.), sec. 648; State v. Babb, 76 Mo. 501; State v. Campbell, 108 Mo. 611; Witt v. State,

9 Mo. 671; State v. Rutherford, 152 Mo. 132; State v. Gray, 37 Mo. 463; State v. Lackland, 136 Mo. 26. (2) Where the issue in a larceny case is the value of the goods taken, the law is that the jury must find the value beyond a reasonable doubt to be thirty dollars or more before they can convict. In failing to so instruct the jury the court erred. The instruction on reasonable doubt does not cure the defect. State v. Taylor, 118 Mo. 177; State v. Koplan, 167 Mo. 298; 18 Am. and Eng. Ency. of Law (2 Ed.), p. 467.

*Edward C. Crow,* Attorney-General, *Sam B. Jeffries,* Assistant Attorney-General, and *Jerry M. Jeffries* for the State.

It was proper to instruct the jury if they found any of the goods mentioned in the information were stolen by defendant, they should find him guilty. This instruction did not charge "if the jury found any of the doctor's surgical instruments were stolen by defendant then they should convict." There is a vast difference. State v. Babb, 76 Mo. 501. The instructions are simple and sufficient. State v. Owen, 78 Mo. 367; State v. Hill, 65 Mo. 84. The instruction given on the question of reasonable doubt reached to every instruction and went entirely through the case. State v. McLaughlin, 149 Mo. 19; State v. Wright, 141 Mo. 333.

BURGESS, J.—At the April term, 1902, of the criminal court of Jackson county, defendant was convicted of grand larceny and his punishment fixed at five years' imprisonment in the penitentiary under an information theretofore presented against him by the prosecuting attorney of said county, charging him with stealing a lot of surgical instruments from one Nelson A. Drake, of the aggregate value of two hun-

dred dollars. In due time defendant filed a motion for new trial which was overruled, and he appeals.

Upon the trial defendant took the witness stand and testified that he stole the articles and sold them to another person, but also testified that they were of less than thirty dollars in value. The evidence, however, showed very conclusively that they were worth more than that sum.

Defendant also admitted while testifying that at the April term, 1899, of the circuit court of the city of St. Louis, under an indictment for grand larceny, he was convicted and sentenced to the penitentiary for two years. He also admitted committing other larcenies.

The court instructed the jury as follows:

"1.   The court instructs the jury that if you find and believe from the evidence that at Jackson county, State of Missouri, at any time within three years next before the 6th day of January, 1902, the defendant, Edward B. Waller, feloniously did steal, take and carry away any of the property described in the information in this case, of the value of thirty dollars or more, of the goods and property of Nelson A. Drake, without any honest claim thereto, with the intention of converting the same to his own use or depriving the owner of his property therein, you will find the defendant guilty of grand larceny and assess his punishment at imprisonment in the State penitentiary at not less than two years and not exceeding five years.

" 'Feloniously,' as used in this instruction, means wickedly and against the admonition of the law, that is, wickedly and unlawfully.

"2.   The court instructs the jury that if they fail to find a verdict according to the law as laid down in instruction number 1, but shall find and believe from the evidence that at the county of Jackson and State of Missouri, at any time within one year next before the 6th day of January, 1902, the defendant, Edward

B. Waller, did unlawfully steal, take and carry away any of the property described in the information in this case, and that said property was of less value than thirty dollars, of the goods and property of Nelson A. Drake, without any honest claim thereto, with the intention of converting the same to his own use or of depriving the owner of his property therein, you will find the defendant guilty of petit larceny and assess his punishment at imprisonment in the county jail not more than one year, or by a fine not more than one hundred dollars, or by both such fine and imprisonment.

"3. If verbal statements of the defendant have been proven in this case, you may take them into consideration, with all the other facts and circumstances proven. What the proof may show you, if anything, that the defendant has said against himself, the law presumes to be true, because against himself; but anything you may believe from the evidence the defendant said in his own behalf, you are not obliged to believe, but you may treat the same as true or false, just as you believe it true or false, when considered with a view to all the other facts and circumstances in the case.

"4. The court instructs the jury that the defendant is a competent witness in this case and you must consider his testimony in arriving at your verdict, but in determining what weight and credibility you will give to his testimony in making up your verdict, you may take into consideration, as affecting his credibility, his interest in the result of the case, and that he is the accused party on trial, testifying in his own behalf.

"5. The court instructs the jury that before they can convict the defendant they must be satisfied of his guilt beyond a reasonable doubt; such doubt to authorize an acquittal upon reasonable doubt, must be a substantial doubt of the defendant's guilt, with a view to all the evidence in the case, and not a mere possibility of the defendant's innocence.

"6. The jury are the sole judges of the credibility of the witnesses and, of the weight and value to be given to their testimony.

"In determining as to the credit you will give to a witness, and the weight and value you will attach to a witness's testimony you should take into consideration the conduct and appearance of the witness upon the stand, the interest of the witness, if any, in the result of the trial, the motives actuating the witness in testifying, the witness's relation to or feeling for or against the defendant or the alleged injured party, the probability or improbability of the witness's statements, the opportunity the witness had to observe and to be informed as to the matters respecting which such witness gives testimony, and the inclination of the witness to speak truthfully or otherwise as to matters within the knowledge of such witness. All these matters being taken into account, with all the other facts and circumstances given in evidence, it is your province to give to each witness such credit and the testimony of each witness such value and weight as you deem proper.

"If upon a consideration of all the evidence you conclude that any witness has sworn willfully false as to any material matter involved in the trial, you may reject or treat as untrue the whole or any part of such witness's testimony."

The first instruction given in behalf of the State is challenged upon the ground that it fails to tell the jury that the goods must have been taken "without the consent of the owner." This is one of the ingredients of larceny, without which the unlawful taking by one of another's property is usually a simple trespass. "To constitute the offense, therefore, in any form, there must be a taking from the possession, a carrying away against the will of the owner, and a felonious intent to convert it to the offender's use." [3 Chitty's Criminal Law, 917.]

East, in his Pleas of the Crown, defines larceny to be the wrongful or fraudulent taking or carrying away by any person of the personal goods of another, from any place, with a felonious intent to convert them to his (the other's) own use, and make them his property, without the consent of the owner. [2 Bishop's New Criminal Law, sec. 811.]

In Dodge v. Brittain, Meigs' Rep. 84, it was held that receiving goods with the owner's consent is not larceny, it being of the essence of the offense that the goods be taken against the will of the owner.

In Witt v. State, 9 Mo. 663, an instruction which told the jury that, "if the jury believe from the evidence that the horse belonged to Smith, and that the prisoner took and carried away the horse, without the knowledge and consent of Smith, with the intention of selling him, or converting him to his own use, they ought to find him guilty," was held to be erroneous. The court said: "The legality of the conviction must depend on the propriety of the foregoing instruction. Larceny is defined to be the wrongful taking and carrying away of the personal goods of anyone from his possession, with a felonious intent to convert them to. the use of the offender without the consent of the owner. [East, P. C. 553.] The taking must be done *animo furandi,* or as the civilians express it, *lucri causa.* Every felony includes trespass, and every indictment for larceny must have the words *felonice cepit,* as well as *asportavit.* The felonious intent is the, material ingredient in the offense. . . . There must be a felonious intent, and where goods are taken possession of on a claim of right, although that right may be unfounded, it is not a felony. . . . The prisoner, then, might have done every act supposed by the instruction of the court without being guilty of a felony. The instruction defined a trespass, and not a larceny, and it was error to have told the jury that the commission of the acts mentioned in it, rendered

the prisoner guilty of larceny." [State v. Gray, 37 Mo. 463; State v. Shermer, 55 Mo. 83; State v. Ware, 62 Mo. 602; State v. Moore, 101 Mo. 316; State v. Lackland, 136 Mo. 26; State v. Rutherford, 152 Mo. 124; State v. Littrell, 170 Mo. 13.]

It follows that the instruction is erroneous.

The second instruction given on the part of the State is vicious for the same reason.

The judgment is reversed and the cause remanded. All concur.