## THE STATE v. JOHN RICHMOND, Appellant.

**Division Two, May 26, 1910.**

1. **BILL OF EXCEPTIONS: Identification.** Though the transcript is inartistically made up, yet if the record proper shows the filing of the bill of exceptions, and shows that it is the bill of exceptions taken and filed by the defendant in the cause in accordance with the orders of the court, it will be considered, and will not be excluded on the ground that it is not properly identified and authenticated.

2. **LARCENY: Instruction: Without Consent of Owner: Meaning of Steal.** An instruction telling the jury in a case of grand larceny that "if you find and believe from all the facts and circumstances in evidence in this case that this defendant at any time about the 16th day of June, 1909, in Carter county, Missouri, did take, steal and carry away, with the intent to convert to his own use, a mare belonging to Steve Southner, then you should find the defendant guilty as charged, and assess his punishment at imprisonment in the penitentiary for a term not less than two nor more than seven years," is not defective in that it does not use the words "without the consent of the owner." Their meaning is included and implied in the word steal. [Overruling State v. Waller, 174 Mo. l. c. 520.]

3. ———: ———: ———: ———: **Omitting Word Feloniously.** But said instruction is insufficient in that it did not require the jury to find that defendant feloniously took, stole and carried away the mare mentioned in the information, and in not requiring them to find that defendant took, stole and carried away the mare with the felonious intent to convert her to his own use without the consent of the owner.

Appeal from Carter Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*Stuart L. Clark* for appellant.

(1) The first instruction given on behalf of the State failed to properly define the crime of larceny. To constitute the crime of larceny, the taking must be without the consent of the owner, and the jury

should be so instructed. State v. Gray, 37 Mo. 463; State v. Shermer, 55 Mo. 83; State v. Lackland, 136 Mo. 26; State v. Ware, 62 Mo. 602; State v. Moore, 101 Mo. 316; State v. Rutherford, 152 Mo. 124; State v. Littrell, 170 Mo. 13; State v. Waller, 174 Mo. 518; 2 Bishop's New Crim. Law, sec. 811. (2) There being no evidence offered on behalf of the State that the property alleged to have been stolen was taken without the consent of the owner, it was error to refuse defendant's motion for a peremptory instruction. Cases above cited.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

The bill of exceptions is unidentified and unauthenticated, and is not a bill of exceptions under the law. No caption appears where the bill commences or to the bill. This court cannot review the exceptions presented, nor the evidence or the motion for new trial. Reno v. Fitz Jarrell, 163 Mo. 413; State v. Baty, 166 Mo. 561; Clay v. Pub. Co., 200 Mo. 672; Stark v. Zehnder, 204 Mo. 448; Gilchrist v. Bryant, 213 Mo. 443; Thompson v. Ruddick, 213 Mo. 561; Harding v. Bedoll, 202 Mo. 629; Groves v. Terry, 219 Mo. 595; Pennowfsky v. Coerver, 205 Mo. 135; Kolokas v. Railroad, 223 Mo. 455; Hays v. Foos, 223 Mo. 421; Owens v. Mathews, 226 Mo. 77.

GANTT, P. J.—On the 18th of August, 1909, the prosecuting attorney of Carter county filed in the office of the clerk of the circuit court of said county, an information charging the defendant with larceny of a certain roan mare, the property of Steve Southner.

At the September term, 1909, of the said court, the defendant was duly arraigned and entered his plea of not guilty and was put upon his trial before a jury duly impaneled, sworn and charged, and was convicted, and his punishment assessed at three years in the

penitentiary. In due time he filed his motion for a new trial, which was by the court overruled and he was sentenced in accordance with the verdict, and from that sentence he has appealed to this court.

The Attorney-General makes a point that the bill of exceptions cannot be considered because the same is not properly identified and authenticated. Upon an inspection thereof we think the bill of exceptions is properly authenticated. The record proper shows the filing of the same, and while the transcript is inartistically made up, we are of the opinion that it sufficiently shows that it is the bill of exceptions taken and filed by the defendant in this case in accordance with the orders of the court.

No question is raised as to the sufficiency of the information or the arraignment or sentence, and the two errors assigned for reversal are that the first instruction given on behalf of the State failed to properly define the crime of larceny, and that there was no evidence to show that the property was taken without the consent of the owner.

The instruction of which the defendant complains is in these words: "If you find and believe from all the facts and circumstances in evidence in this case that this defendant at any time about the 16th day of June, 1909, in Carter county, Missouri, did take, steal and carry away, with the intent to convert to his own use, a mare belonging to Steve Southner, then you should find the defendant guilty as charged, and assess his punishment at imprisonment in the penitentiary for a term not less than two nor more than seven years."

The learned counsel for the defendant correctly states that an instruction very similar to this was condemned in State v. Waller, 174 Mo. l. c. 520. If the conclusion reached in State v. Waller is adhered to, the judgment must be reversed and the cause remanded. In Waller's case the instruction was as follows: "The

court instructs the jury that if you find and believe from the evidence that at Jackson county, State of Missouri, at any time within three years next before the, 6th day of January, 1902, the defendant, Edward B. Waller, feloniously did steal, take and carry away any of the property described in the information in this case, of the value of thirty dollars or more, of the goods and property of Nelson A. Drake, without any honest claim thereto, with the intention of converting the same to his own use or depriving the owner of his property therein, you will find the defendant guilty of grand larceny and assess his punishment at imprisonment in the State penitentiary at not less than two years and not exceeding five years."

Upon reconsideration, we are of opinion that instruction was sufficient. This court has on more than one occasion stated that it was not necessary to frame an instruction with the technical precision of an indictment. The office of an instruction is to guide a jury of plain men to a correct understanding of the law of the case.

It has also been observed that it was not wise for a trial court to take an excerpt from a decision of the Supreme Court as an instruction to a jury. Unquestionably this court in State v. Waller, 174 Mo. 518, and State v. Littrell, 170 Mo. 13, correctly expounded the law, but we think that, in applying it to the instructions in those cases, a too rigid rule was required. We think the instruction in those cases met every requirement of the prior decisions of this court and that the words "without the consent of the owner" were clearly implied in the words "feloniously did steal, take and carry away" the said personal property. "The word 'steal' or 'stealing' in a criminal statute when unqualified by the context, signifies a taking which at common law would have been denominated felonious and imports the common law offense of larceny." The American and English Encyclopedia of Law, vol. 23,

p. 555, says: "The word 'steal' has a uniform signification and in common as well as in legal parlance means the felonious taking and carrying away of the personal goods of another."

For the practical administration of justice we think it must be conceded that if a jury are told that if they believe from the evidence that the defendant feloniously took, stole and carried away, a horse, the property of "A," they will understand as lawyers would that the defendant had taken the horse without the consent of the owner, and hence the adding of the phrase "without the consent of the owner," would add nothing to the strength or sense of the instruction. In Hughes v. Territory, 8 Okla. 32, it is said: "An examination of the authorities will show that 'larceny' and 'stealing,' at common law, had the same meaning," and such we think is the common understanding. [State v. Schatz, 71 Mo. 1. c. 504.] While we are satisfied that the law was properly announced in State v. Waller as to the constituent elements of larceny, we think a too rigid and technical rule was applied to the instruction and that the instruction sufficiently required the jury to find every element necessary to establish the crime of larceny, without infringing any right of the defendant.

But the first instruction of the court in this case was insufficient in that it did not require the jury to find that defendant feloniously took, stole and carried away the mare mentioned in the information, nor did it require them to find that defendant took, stole and carried away the mare with the felonious intent to convert the same to his own use without the consent of the owner, and therefore we think it falls short of the instruction in the Waller case.

As to the evidence we think it was sufficient to support the verdict. For the error in the instruction the judgment is reversed and the cause remanded. All concur.