STATE of Missouri, Respondent,

v.

John Sherman MILES, Appellant.

No. 52178.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied March 13, 1967.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Floyd L. Sperry, Jr., Sp. Asst. Atty. Gen., Clinton, for respondent.

HOUSER, Commissioner.

John Sherman Miles, convicted of "Stealing over Fifty Dollars" and sentenced to 7 years' confinement, has appealed from the judgment and sentence.

First, he attacks the validity of the information, contending that it is fatally defective; that in order for him to prepare his defense and to afford him due process of law he should have been advised of the specific manner in which he is alleged to have stolen the property; that the information fails to allege the essential elements of the offense; that there is no allegation of a "taking" or a "carrying away," or that he stole the property with the intent to permanently deprive the owner thereof, or to convert it to his or someone else's use; that it fails to allege any other "manner of stealing," and fails to notify him of the charge against him.

The information charged one prior offense and that appellant did "unlawfully, feloniously and intentionally steal certain property, to-wit: one (1) John Deere 1964 Diesel farm tractor, serial number 71238, of the value of Seven Thousand Dollars ($7,-000.00), the property of one Tom Effertz, without the consent of the owner thereof * * *."

This is a charge under § 560.156,[1] which in one comprehensive section undertakes to deal with all of the various forms of stealing previously interdicted in several statutes. The charge is laid under the first alternative of paragraph 2, which makes it unlawful "for any person to intentionally steal the property of another, either without his consent or by means of deceit." Paragraph 1(2) of that section provides that "Steal" shall mean " * * * to appropriate by exercising dominion over property in a manner inconsistent with the rights of the owner, either by taking, obtaining, using, transferring, concealing or retaining possession of his property."

 The information is sufficient. It clearly and specifically charges the offense prohibited by paragraph 2 of § 560.156. No longer is the conventional language "steal, take and carry away," approved without further elaboration in State v. Murchie, Mo. Sup., 225 S.W. 954, necessary. Allegations of caption and asportation are not now essential to the validity of an information charging stealing. The word "steal" when applied to property has a well-defined meaning, " * * * a uniform significance, and in common as well as legal parlance means the felonious taking and carrying away of the personal goods of another." The American and English Encyclopedia of Law, Vol. 23, p. 555, quoted with approval in State v. Richmond, 228 Mo. 362, 128 S.W. 744, 745. And see State v. Chambers, Iowa Sup., 1849, 2 Green (Iowa) 308. It means "to take and carry away, feloniously; to take without right or leave, and with intent to keep, wrongfully." State v. Zammar, Mo.Sup., 305 S.W.2d 441, citing and quoting from State v. Dewitt, 152 Mo. 76, 53 S.W. 429. "Steal" signifies a taking which at common law would have been denominated felonious, and imports the common-law offense of larceny. State v. Richmond, supra. The intent to wrongfully take and carry away and keep inheres in the word "steal." "In order to find a defendant guilty under [an information charging that defendant did 'steal'], a taking and carrying away must be proved. So under this [information] it was no less necessary to prove a taking and carrying away, than if these words had been inserted in the [information]. And the burden of proof was not changed in any particular." Green v. Commonwealth, Sup. Jud., 111 Mass. 417, 1. c. 419. It is not necessary to charge an intent to convert the property to defendant's use or to deprive the owner permanently thereof. State v. Hamlin, Mo.Sup., 171 S.W.2d 714 [3]; State v. Martin, 357 Mo. 368, 208 S.W.2d 203 [1]. A charge that defendant "did intentionally steal" is sufficient and needs no elaboration or further specification as to the mode, method or manner of the larceny. "It is not necessary that the manner in which the stolen property was taken and carried away should be alleged unless the statute under which the indictment is drawn limits the offense to a particular method." 52 C.J.S. Larceny § 75. This information, which follows the language of the statute, adequately notified defendant of the nature of the offense with which he was charged. A conviction under this information would bar another prosecution for the same offense.

 This case does not come within the qualification to the general rule referred to in State v. Kesterson, Mo.Sup., 403 S.W.2d 606 [1], that where the statute creating the offense uses generic terms in defining the offense and does not individuate the offense with such particularity as to notify the defendant of what he or she is to defend against, the indictment or information must specify the offense with which the defendant is charged; must charge in detail what happened, and affirmatively recite the conduct alleged to constitute stealing. Kesterson was not an ordinary case of stealing property. It involved a specialized form of stealing: stealing by means of deceit. It stands to reason that in charging a special or extraordinary form of the crime, such

---

1. All section references are to RSMo 1959, V.A.M.S., except where otherwise noted.

as stealing by embezzlement, larceny by trick, obtaining money or property by false pretenses, etc., the defendant should be notified by the indictment or information of the nature of the evidence with which he will be confronted, in greater detail than by merely using the words of the statute. In such case the state must allege how or in what manner the stealing was effected by the deceit, trick, false pretense or embezzlement. There is no necessity of detailed specification in charging an ordinary theft of property.

■ Next, appellant assigns error in refusing to permit the service of a subpoena on the court reporter of another division of the circuit court to compel his appearance as a witness on behalf of the appellant and the production of his shorthand notes for the purpose of impeaching the testimony of the state's principal witness, Delane Long, and that of Long's wife Judy. Long had testified in the other division a week earlier in this same case in a proceeding which resulted in a mistrial. In offering to have the subpoena served appellant's counsel related that from the court reporter's notes he could prove "numerous contradictions and discrepancies" between the testimony of the Longs given at this trial and that given a week previously. In particular, appellant asserted that through the court reporter he could show (1) that Long previously testified that when the stolen tractor was unloaded in the pasture adjacent to his house, one John Miles (who had assisted in the theft) "went his separate way" and that Long had returned to his house alone, whereas at this trial Mrs. Long had testified that after the tractor was unloaded Miles and her husband came into the house and talked about the tractor; (2) that Long previously testified that three persons were present when the tractor was stolen (Long, Long's son and the defendant), whereas at this trial neither he nor his wife "made any mention whatsoever of this fact"; (3) that Long previously testified that when they were preparing to steal the tractor they parked on a north-south road and walked a

few feet to get to the tractor, whereas at this trial Long testified that it was an east-west road and that the distance walked was "somewhat different." There is no error in excluding offers of proof or evidence tending to impeach a witness on an immaterial or collateral matter. State v. Easley, Mo. Sup., 338 S.W.2d 884 [4]. Mo. Digest, Witnesses, ☞383. The suggested discrepancies related to matters which were immaterial and inconsequential. They were not pertinent to the issues as developed, Hamburger v. Rinkel, 164 Mo. 398, 64 S.W. 104, and were of no material significance in the case.

■ Finally, it is urged that "The court prejudicially erred in allowing the jury to separate overnight, after defendant had specifically requested that the jury not be allowed to separate." Before the trial commenced, in chambers, defendant requested that the jury not be allowed to separate. The court said "Very well." A venire of jurors was then examined on voir dire, and after the examination was completed the court allowed the members of the jury panel to separate and go home for the night. Before they separated the court properly instructed the prospective jurors as to their duties during that adjournment. An objection was made to the separation of the jurors "after the case has been discussed in voir dire." The objection was overruled. The next morning the jury was selected and sworn to try the case.

Prior to the trial defendant had moved for a continuance on the ground that because of widespread publicity given the case, it would be prejudicial to defendant to go to trial at that time. It is now urged that this points out the reason for the request that the jury not separate. Appellant cites § 546.220, authorizing the trial court in felony cases to place all jurors found to be competent to sit in the trial in charge of an officer of the court until the entire panel is made up, the peremptory challenges made, and the jury sworn to try the cause, and § 546.230, providing that with the consent of

the prosecuting attorney and defendant the court may permit the jury to separate at any adjournment or recess of the case during the trial of felony cases, except capital cases. It was not alleged nor was it shown that any of the prospective jurors read any newspaper accounts of the trial, or that any person discussed the case with any of them or that any prospective juror was subjected to any adverse influence during the overnight adjournment. "It is apparent at once that, under the provisions of this section [now § 546.220], the trial court '*may*,' in its discretion, keep all qualified jurors, in felony cases, in the custody of an officer of the court, or permit them to separate, pending the selection and swearing of twelve jurors to try the case, and this court has so held. State v. Todd, 146 Mo. 295, 47 S.W. 923; State v. Fox (Mo.Sup.) 300 S.W. 820." State v. Golden, 330 Mo. 784, 51 S.W.2d 91, 94. In Golden the circuit court overruled defendant's request that the jurors who had been qualified, but who had not been sworn in, be kept together under the charge of the sheriff, and on appeal this court ruled that whether the trial court shall place the jurors in custody on request of counsel is a discretionary matter. As in that case, so in this, there being nothing in the record to indicate that the separation of the qualified jurors "was in any wise prejudicial to the defendant," we cannot justly say that the trial court abused its discretion in overruling the objection to the separation.

■ We have held that the information properly charged the offense of stealing. It was also sufficient to charge defendant under the habitual criminal act, § 556.280. The verdict, finding defendant "guilty of Stealing over Fifty Dollars, as charged in the information filed in lieu of the indictment," is not correct in form because it does not state that the jury found the defendant guilty of stealing *property of the value of at least* fifty dollars. § 560.161. The substitute information, evidence and instructions, however, clearly show that the defendant was charged, tried and convicted of stealing property of the value of more than fifty dollars, and under the rulings in State v. Webb, Mo.Sup., 382 S.W.2d 601, and State v. Mitts, Mo.Sup., 347 S.W.2d 677 [3], this defect in the verdict is not fatal. The court received and considered duly authenticated copies of the records pertaining to the previous conviction of defendant, including the opinion and mandate of the supreme court in the former trial, together with a picture of defendant and other identification, and ruled that the evidence was sufficient to proceed against defendant under the habitual criminal act. The 7-year sentence is within the range of punishment (imprisonment in the penitentiary for not more than ten years nor less than two years) prescribed by § 560.161, paragraph 1(2), for the offense of which defendant was convicted. Defendant was present and was represented by an attorney throughout the trial, at the time of granting allocution and passing of sentence, and he was represented by counsel on appeal.

The judgment is unexceptional, is responsive to the verdict and is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.