**STATE of Missouri, Respondent,**

v.

**Ernest L. PAYTON, Appellant.**

**No. 39450.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1979.

Quinn & Ground, Paul Ground, Manchester, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Eric Martin, Steve Steinhilber, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Dean Hoag, Asst. Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his jury conviction of assault with intent to kill with malice and the resultant 15 year sentence imposed by the court pursuant to the second offender act. We affirm.

Defendant raises five points on appeal. Three of those points were not specifically raised in defendant's motion for new trial and are not therefore preserved for review. We have examined those points under the plain error doctrine and find no basis for invoking plain error.

No question of the sufficiency of the evidence is raised so a brief statement of the facts will suffice. There was evidence that defendant, while at the cashier's stand of a restaurant, took some umbrage at William Jennings looking at the roll of money defendant was carrying and made a comment to that effect to Jennings. Jennings then moved away from defendant, sat for a minute at a table and then left the restaurant. Defendant followed shortly thereafter, and upon reaching the street fired at least two shots at Jennings as he was entering his car. Jennings, an off-duty policeman, returned the fire. One bullet grazed Jennings's knee. Two independent witnesses supported Jennings's account of the incident.

Defendant, and two of his friends, testified that Jennings, without provocation, fired at defendant as he left the restaurant and that defendant returned the fire in self-defense while running away.

 Defendant's first preserved point is that the court erred in refusing to allow him to cross-examine Jennings concerning the report of an incident occurring some five months after the date of the crime with which defendant was charged. The report of the incident appeared in a publication called the "Evening Whirl." The court also refused to admit into evidence a copy of the paper. Since defendant has failed to file the exhibit with the court, we have no knowledge of the contents of it. Jennings had been questioned on cross-examination on whether he had been involved in any altercations with citizens since the date of the crime and had responded negatively. Not only was the area of cross-examination of dubious relevancy but it was clearly collateral. As such, defendant was bound by the witness's answers and was not entitled to impeach the witness by extrinsic evidence. *State v. Miles*, 412 S.W.2d 473 (Mo. 1967) [10]. Defendant's proffered evidence all related to the extrinsic material contained in the publication. The trial court did not abuse its discretion in sustaining the prosecution objections to the questioning and denying introduction of the exhibit.

Defendant's remaining point is that the trial court erred in not declaring a mistrial following a question asked of one of defendant's witnesses during cross-examination because the question referred to matters outside the record. The question was: "Did he (defendant) give you some narcotics that night?" Objection was sustained and the court specifically directed the jury to disregard the question. In addition, the court called to the jury's attention the previously given instruction that questions have no relevancy except when they pertain to an answer. The question was not answered although one immediately preceding of whether the witness gave the defendant money that night was answered negatively. The record indicates that the prosecutor believed that an earlier witness had testified to some transaction occurring between the witness and the defendant before they entered the restaurant.

Mistrial is a drastic remedy, the necessity of which is a matter resting largely in the sound discretion of the trial court. We do not interfere absent a manifest abuse of that discretion. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479 (Mo. 1972); *State v. Tate*, 543 S.W.2d 514 (Mo. App.1976). In view of the isolated nature of the inquiry, the immediate sustaining of the objection and the court's instructions to the jury concerning the matter, we do not find a manifest abuse of discretion in the court's failure to grant a mistrial. *See State v. Butler*, 549 S.W.2d 578 (Mo.App. 1977).

Judgment affirmed.

WEIER, C. J., and SNYDER, P. J., concur.