J. WEST AND ANOTHER v. THE STATE.

Indictment charged defendants with having feloniously and burglariously entered the store house of one C., in the night time, "with the intent, the goods and chattels of the said C., then and there being, then and there feloniously and burglariously to steal, take, and carry away."

*Held*, that the intent charged is not sufficiently definite to constitute the crime of burglary, as defined by the Penal Code. (Paschal's Digest, Article 2359.)

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

The character of the case is disclosed by the opinion and the head note.

*W. H. Johnson* and *M. L. Armstrong*, for the appellants.

*Wm. Alexander, Attorney General*, for the State.— The court was right in overruling the motions to quash the indictment and in arrest of judgment.

The objection to the indictment is, that the offense of burglary was not sufficiently charged. Article 724, Penal Code (Pas. Dig., Art. 2359), defines thus: "The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or, in like manner, by entering a house during the day, and remaining concealed therein until night, with the intent, in either case, of committing a felony."

The indictment charges that the defendants broke and entered the house "with the intent, the goods and chattels of the said Simon E. Clement then and there being, then and there feloniously to steal, take and carry away ;" and it is insisted that the words, "steal, take and carry away," are not equivalent to the statutory definition of theft.

Article 760, Penal Code (Pas. Dig., 2398), says they are equivalent. "The words 'steal' or 'stolen,' when used in this code in reference to the acquisition of property, include property acquired by theft." If equivalent when used in the code, they are certainly so when used in proceedings under the code.

OGDEN, J.—The indictment in this case is too indefinite and uncertain to support a conviction. The defendants are charged with entering, with force and arms, by night, the store house of Simon E. Clement, with intent then and there, feloniously and burglariously, to steal, take and carry away the goods and chattels of the said Simon E. Clement. The intent charged is not sufficiently definite to constitute the crime of burglary; neither the language of the statute nor its equivalent is used. Had the indictment charged the defendants with entering the house, with intent of committing a felony, or of committing the crime of "theft from a house," or any other felony, charging it specifically, that might have been sufficient. But to charge that defendant did steal, take and carry away the goods and chattels of another, from a house, is not specifically charging a felony. The remaining portion of the indictment (whether from the carelessness of the clerk in making the transcript, or from an original defect in the indictment, we are unable to determine), is absolutely unintelligible. The jury found the defendants guilty of burglary; and as the indictment is insufficient to warrant such a finding, the judgment is reversed; and because of the insufficiency of the indictment in other respects, we think the court erred in overruling the motion to quash.

The case is therefore dismissed.

REVERSED AND DISMISSED.