JOSEPH MATHEWS v. THE STATE.

1. In charging an offense it is not necessary to use the precise language of the statute, provided apt language is used conveying the same meaning.
2. An indictment for burglary, charging that the entrance was by breaking, is held to be good, as the breaking necessarily implies force.
3. An indictment for burglary charged that the entrance was with the intent "the goods, chattels, and effects of him the said L., to take, steal, and "carry away." The accused excepted to the indictment, because it failed to charge that the entrance was with intent to commit a felony. The indictment is *held* to be sufficient, as it charges the entrance to be with intent to commit a theft, and theft from a house is a felony under our statutes.

APPEAL from Smith. Tried below before the Hon. Z. Norton.

There is no occasion for a statement of the facts.

*Swain & Robertson*, for appellant.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J. The defendant was convicted of burglary, and has brought the case up here for revision, upon the ground, that in an indictment for burglary at night, it is not sufficient to charge that the entrance was by breaking, instead of charging that the entrance was by force, fraud, or threats.

It has been frequently decided by this court that in charging an offense it is not necessary to use the precise language of the statute, provided apt language is used conveying the same meaning. The word breaking necessarily includes force, and if the defendant entered by breaking he must have entered by force, and the statute, Penal Code, Article 727, defines the term 'breaking to mean an entrance by actual force. It is true that an entrance might be made by force and not by breaking, but an entrance could not be made by breaking without force; and

therefore it is believed to be sufficient, in order to charge burglary at night, to charge that the entrance was by breaking.

The second error complained of is that the charge that the entrance with the intent "the goods, chattels, and effects of "him the said E. T. Lewis, to take, steal, and carry away," is no compliance with the statute which requires, in order that the offense shall be complete, that the entrance shall be with the "intent to commit a felony." Bouvier says the term stealing has nearly the same meaning as larceny, and Blackstone regards larceny and theft as synonymous, and he defines larceny as the felonious taking and carrying away of personal goods of another. (Blackstone Com., Vol. IV., 230.) Article 760 of our Penal Code provides that "the words steal or stolen, when used in "this code in reference to the acquisition of property, include "property acquired by theft." We conclude, therefore, that the indictment, which charged the defendant with entering a house with the intent to steal, take, and carry away the property of another, charged him with entering with the intent to commit a theft; and theft from a house is a felony under our statute. (Article 764, Penal Code.)

We are of the opinion that there is no error in the judgment of the District Court, and it is affirmed.

Affirmed.