## Joe Simms *v*. The State.

1. Burglary.—Under the Penal Code, as amended in 1876, it is burglary to enter a house with intent to steal therefrom, without reference to the value of the property to be stolen, or whether the theft of it would be a felony or a misdemeanor.

2. Same—Charge of the Court.—The court below charged the jury that burglary consists in entering a house by force, at night, and also that theft from a house is felony. *Held*, that neither of these propositions correctly state the law as it now is.

3. Same.—When burglary is charged to have been committed with intent to commit theft, the law of theft, as well as that of burglary, should be given in charge to the jury.

Appeal from the District Court of Travis. Tried below before the Hon. E. B. Turner.

The indictment charged that, on June 20, 1876, between the hours of eight o'clock, p. m., and eleven o'clock, p. m., the defendant unlawfully, feloniously, and burglariously, by

force and fraud, and by lifting the latches of the doors, did break and enter into the dwelling-house occupied by G. W. Banks, in said county, " with the fraudulent and felonious intent on the part of him, the said Simms, then and there to fraudulently take from the possession of said Banks two certain bed-quilts, of the value of ten dollars, without the consent of said Banks, the owner of said quilts, and with the intent, on the part of said Simms, to deprive said owner of the value of said property, and to appropriate the same to the use of him, the said Simms," etc.

The accused was a negro boy, and was discovered by Mr. Banks, in the night, lying fast asleep in his house. When wakened up, the boy said he came there to get some quilts and a saddle. The jury allowed him three years in the penitentiary.

*Robert H. Ward*, for the appellant, filed an able brief.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The appellant in this case was indicted and convicted for burglariously entering, by force and fraud, a dwelling-house, in the night-time, with the intent to commit the crime of theft of two bed-quilts, of the value of $10.

Article 724 of the Penal Code (Pasc. Dig., Art. 2359) was amended by act of the fifteenth legislature, approved August 21, 1876, and which is to be found in Pamphlet Laws, 231. As amended, the law now reads as follows : " The offense of burglary is constituted by entering a house by force, threats, or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, with the intent in either case of committing felony or the crime of theft." The amendment consists in adding to the law as it previously existed the words " or the crime of theft."

Doubtless the object of this amendment was to obviate any doubt or difficulty which might arise with regard to the crime of burglary, when considered in connection with two other acts passed by the same legislature, and all three of the acts approved on the same day (August 21, 1876).

The first was "An act to repeal Article 764" of the Penal Code (Pasc. Dig., Art. 2408), which defined and punished "theft from a house" as a specific offense. Acts Fifteenth Legislature, 233. The second was an act to amend Article 757 of the Penal Code (Pasc. Dig., Art. 2395). This latter act reads as follows:

"Sec. 1. Theft of property under the value of twenty dollars shall be punished by imprisonment in the county jail for a term not exceeding one year — during which time the prisoner may be put to hard work — and by fine not to exceed five hundred dollars, or by such imprisonment without fine.

"Sec. 2. That all laws and parts of laws in conflict with the provisions of this act shall be, and the same are hereby, repealed." Acts Fifteenth Legislature, 242.

Construing these three statutes together, it is apparent that the intention was to make the crime of burglary complete where theft was the purpose of the burglarious entry, without reference to the fact that the property was stolen "from a house," or whether the property stolen, or attempted to be stolen, was of the value of $20, or under, or whether it would be a felony or misdemeanor, to be ascertained and determined by value. In other words, to enter a house with intent to steal therefrom constitutes the crime of burglary under the law as it now is, without reference to the fact as to whether the theft would be a felony or not. As we have seen, "theft from a house" is no longer a distinct offense—much less a felony—as known to our law. *Cottenham* v. *The State*, 1 Texas Ct. of App. 463.

But it may be contended that the offense having been

committed, as charged in the indictment, on June 20, 1876, defendant was liable to be tried and punished under the law in force at that time. The provisions of our Penal Code prescribe rules for the government of such cases. "When the penalty for an offense is prescribed by one law, and is altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second shall have taken effect. In every such case the offender shall be tried under the law in force when the offense was committed, and, if convicted, punished under that law; except that, when by the provisions of the second law the punishment of the offense is ameliorated, the defendant shall be punished under such last enactment, unless he elect to receive the penalty prescribed by the law in force when the offense was committed." Pasc. Dig., Art. 1616. And again: "The repeal of a penal law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute." Pasc. Dig., Art. 1617.

In the case we are considering, the court instructed the jury that " burglary consists in entering a house by force, at night, with intent to commit a felony ;". and, further, that " theft from a house is a felony." Neither of these propositions stated the law correctly and as it is, and, in so charging, the court did not "distinctly set forth the law applicable to the case," as required in all cases of felony by Article 394 of the Code of Criminal Procedure. Pasc. Dig., Art. 3059.

If considered in another and equally as important an aspect, the charge of the court must also be held to be wholly and totally defective in charging " the law applicable to the case." The charge in the indictment was that the accused entered the house burglariously, with intent to

commit theft. It has frequently been held that the felony or crime which defendant intended to commit must and should be set forth with certainty and particularity in an indictment for burglary. *Portwood* v. *The State*, 29 Texas 47; *The State* v. *Robinson*, 32 Texas, 163; *West* v. *The State*, 35 Texas, 89; *Mathews* v. *The State*, 36 Texas, 675; *The State* v. *Williams*, 41 Texas, 98; *Wilburn* v. *The State*, 41 Texas, 238; *Lewis White* v. *The State*, 1 Texas Ct. of App. 211. This was done in this case, and the indictment, when tested as to its sufficiency, is unquestionably good in this regard. It follows that, if it was necessary thus to set forth the crime of theft, then that crime was necessary to be proven as charged; and, if necessary that it should be proven, then it was also necessary that the jury should be charged upon the law applicable to that offense.

The correctness of a charge to the jury is always tested by its applicability to the offense charged in the indictment and established by the evidence. When we examine the charge of the court in this case, we look in vain for any instruction calculated to inform the jury as to the nature, elements, and ingredients necessary to constitute the crime of theft. There is in it no definition of theft, and nothing equivalent to it. It was certainly as necessary that the jury should have been instructed in regard to the law of theft as of burglary, because the latter was made to depend upon the fact that they must believe that the accused intended to commit the former.

Because of the failure of the court to charge the law applicable to this case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*