[No. 1247, August 31, 1909.]

TERRITORY OF NEW MEXICO, Appellee, v. EMILIO VALLES, Appellant.

### SYLLABUS.

1. Where the owner of stolen property is deceased, an indictment for larceny should lay the ownership in his representatives and not in his estate.

2. An indictment charging the larceny of one mule of the property of Matias Contreras, administrator, etc., sufficiently describes the stolen property.

Territory v. Valles.

3. . It is equally as competent to establish the identity of a stolen animal by a brand, as by its color or by any distinguishing mark.

4. In a trial for the larceny of a mule, testimony that tended to establish the identity of the mule, the ownership by the prosecuting witness as administrator and the possession of the mule by the defendant was enough to make out a prima facie case of guilt.

Appeal from the District Court for Socorro County before FRANK W. PARKER, Associate Justice. Affirmed.

GEORGE W. PRICHARD for Appellant.

J. M. HERVEY, Attorney General, for Appellee.

No briefs.

### OPINION OF THE COURT.

COOLEY, J.—The appellant, Emilio Valles, was indicted in Socorro County charged with the larceny of a mule, and on trial was found guilty. From the judgment of conviction an appeal was taken to this court. A review of the case convinces us that there was no error and that the judgment must be affirmed.

The indictment charges Valles with the theft of one mule, the property of Matias Contreras, the duly appointed and qualified and acting administrator of Ambrocio Gonzales, deceased.

It is assigned as error that the indictment charges the ownership of the mule as in Contreras as administrator. This contention is clearly without merit. Where the owner is deceased the ownership should be laid in his representative and not in his estate. (22 Cyc. 354; People v. Hall, 19 Cal. 425).

It is further urged on appellant's behalf that the indictment does not sufficiently describe the property alleged to have been stolen. The indictment charges the larceny of one mule of the property of Matias Contreras, administrator, etc. This is enough.

"It is no valid objection to an indictment that the

description of the property in respect to which the offence is charged to have been committed is broad enough to include more than one specific article. Thus, an indictment charging the larceny "of a horse of the property of A. B." is not overthrown by proof that A. B. is the owner of many horses, any one of which will satisfy the mere words of description." Dunbar v. U. S., 156 U. S. 185, 191.

In the course of the trial evidence was introduced tending to show that the animal alleged to have been stolen was a small black mule with a slight stiffness in one leg, and branded in a particular way. The defendant objected to the admission of any testimony as to the nature of the brand on the ground that the statute provided an exclusive method by which brands could be proved. There would be force in this objection if ownership were to be established by evidence of this character. But the trial judge excluded all evidence tending to show the ownership of the brand and allowed evidence of the mark itself only to identify the animal. There can be no doubt of the soundness of the ruling. It is equally as competent to establish the identity of an animal by a brand, as by its color or by any distinguishing mark. Not only is this clear on principle, but it is also the settled law in this jurisdiction.

In Chaves v. Territory, 6 N. M. 455, 459, this court said:

"It is not to be presumed that the brand was offered for the sole purpose of proving ownership,—whether it was offered to prove ownership or not is immaterial, being competent evidence to aid the prosecution in establishing identity of the animal stolen, it was admissible." 11 N. M. 211, 220. And in Gale & Farr v. Salas, the following language was used:

"There was no attempt in this case to establish the ownership of the appellee by a recorded brand, such oral evidence as was received by the court in regard to the marks found on these animals was received for the purpose of identification and was competent evidence and there was no error in its admission."

The last point raised which we regard it as necessary

Territory v. Valles.

to consider calls into question the action of the trial court in overruling a demurrer interposed by the defendant to the evidence at the close of the Territory's case. The testimony introduced by the prosecution tended to establish the identity of the mule, the ownership by Contreras as administrator and the possession of the mule by the defendant. This was enough to make out a *prima facie* case of guilt, and the demurrer was properly overruled. It follows that the judgment of conviction must be affirmed.