Commonwealth *v.* Smith, Appellant (No. 2).

Argued December 17, 1934.

Before KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Charles P. O'Malley,* and *J. Julius Levy,* with them
*Lee P. Stark* and *Clarence J. Wing,* for appellant.

*John W. Murphy,* Assistant District Attorney, and
with him *Michael J. Eagen,* District Attorney, for
appellee.

OPINION BY CUNNINGHAM, J., February 1, 1935:

These three appeals are closely related to the appeal
by the same appellant to No. 53 February Term, 1935,
in which an opinion has been this day filed. The same
questions are involved under each of the present ap-
peals; they may, therefore, be considered and disposed

of in a single opinion. As stated in the opinion at No. 53, three indictments were returned against appellant on September 15, 1932, in which he was charged with the fraudulent conversion of three separate sums of money which it was averred the "Receiver of delinquent taxes for the School District of the City of Scranton was entitled to receive and have," viz: the sum of $22,704.25 on January 21, 1932, (Appeal No. 54 February Term, 1935); the sum of $17,438.32 on the same date (Appeal No. 55 February Term, 1935), which amount must not be confused with the similar sum of $17,058.39, alleged in the case appealed to No. 53 to have been embezzled by appellant as an "agent"; and the sum of $8,046.34 on February 6, 1932, (Appeal No. 56 February Term, 1935). These indictments were drawn under the Act of May 18, 1917, P. L. 241, 18 PS §2486, hereinafter considered at length. It was upon the one last above mentioned that issue was joined, the jury sworn and evidence taken, on June 19, 1934, as related in the opinion at No. 53.

On the following day pleas of nolo contendere were tendered and accepted by FLEMING, P. J., 49th Judicial District, specially presiding, to each of the three indictments with which we are now concerned, as well as to the indictment for embezzlement considered at No. 53. Each of the present indictments was involved in the erroneous entry of June 20, 1934, and the amendment thereof on December 1, 1934, referred to in that opinion. The third, fourth, fifth and sixth assignments of error supporting these appeals relate to the correction of that entry and, for the reasons there set forth at length, they are now overruled.

Here, as in the other case, the validity of the indictments was not questioned by motions to quash, but motions in arrest of judgment, identical with the one made in the embezzlement case, were interposed and denied in these cases. The action of the trial judge

in denying these motions and imposing sentences upon the pleas of nolo contendere is covered by the first and second assignments. Upon the indictment charging the fraudulent conversion of $22,704.25, appellant was sentenced to pay the costs, a fine of $1,000, and undergo imprisonment in the Eastern Penitentiary of Pennsylvania for a period of not less than 2½ years nor more than 5 years, to be computed from the expiration of the sentence imposed upon him for embezzlement. (Vide opinion at No. 53.) The above entitled appeal to No. 54 February Term, 1935, was taken from this sentence. As to the indictment charging fraudulent conversion of the sum of $17,438.32 a like sentence to the penitentiary was imposed, but to run concurrently with the prior sentences, and the present appeal to No. 55 February Term, 1935, was taken from this judgment. A similar concurrent sentence was imposed upon the plea to the indictment charging fraudulent conversion of the sum of $8,046.34 and appealed to No. 56 February Term, 1935.

The validity of these sentences, particularly with respect to the designation of the Eastern Penitentiary as the place of confinement, is challenged by the second assignment.

The punishment prescribed in the act under which the indictments were drawn is a fine not exceeding one thousand dollars and imprisonment not exceeding five years, either or both in the discretion of the court. This means "simple imprisonment" and the legal place of confinement is the county jail of the proper county: Com. ex rel. Stanton v. Francies, 250 Pa. 350, 95 A. 798; and Com. v. Camwell, 89 Pa. Superior Ct. 339, 349. Each of the sentences from which these appeals were taken is erroneous in that the place of confinement therein designated is the penitentiary; the second assignment of error must, therefore, be sustained to that extent. But sustaining that assignment, upon

the ground stated, would only require us to reverse the sentences and remit the record for new sentences .in conformity with the statute: Com. v. Camwell, supra, and cases there cited.

The ultimate and controlling question involved upon these appeals arises out of the denial of appellant's motions to arrest the judgments.

The fundamental contention on his behalf in support of these motions is that when his pleas of nolo contendere are given their full force and effect by treating them as admissions of the truth of every averment set forth in the indictments, they do not charge the crime defined in the Act of May 18, 1917, P. L. 241, under which they were drawn. More specifically, the argument is that the crime defined by that statute is the withholding, converting, or applying of money belonging to some other "person, firm, or corporation," or which some other "person, firm, or corporation" is entitled to receive and have, whereas it appears upon the face of this record that the sums of money charged in the several indictments to have been fraudulently withheld and converted by appellant belonged to the School District of the City of Scranton, which is not a "corporation" within the meaning of the statute.

We therefore turn to a consideration of the statute and the indictments. The title of the act reads: "Making the fraudulent conversion of property or the proceeds of property a misdemeanor; prescribing the penalties therefor; and regulating the procedure therein."

Insofar as applicable to these cases, the first section provides: "That any person having received or having possession, *in any capacity* or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other *person, firm,* or *corporation,* or which any other person, firm, or corporation is entitled to receive and have, who fraud-

ulently withholds, converts, or applies the same, or any part thereof, ...... to and for his own use and benefit, ...... shall be guilty of a misdemeanor, etc.'' (Italics ours.)

By the second and third sections it is enacted that the true intent and meaning of the act is to define and punish a distinct and separate misdemeanor and that it shall not repeal or alter any statute relating to any felony or misdemeanor theretofore defined and punished. It is also provided that the offense specified in the act may be joined in the same indictment with any other felony or misdemeanor arising out of the same transactions, and that there may be included in the same indictment as many counts as there are separate and distinct misdemeanors committed against the same person, firm, or corporation. As applied to this case, the significance of these provisions is apparent. In the indictment under the first section of the Act of 1878, P. L. 196, (Appeal to No. 53) it was essential to aver that the person charged was acting as the ''agent'' of a ''quasi municipal corporation,'' and, as such, fraudulently took, converted, and applied its money to his own use. As we have pointed out in that opinion, the words ''municipal or quasi municipal corporation'' were not in the original Section 116 of the Penal Code but were added by the amendment of 1878.

The offenses under Section 116 of the Penal Code, as amended by the Act of 1878, and under the Act of 1917, are not identical. Under the former, it is essential that the money or property involved shall have come into the possession of a defendant as an ''officer, director, superintendent, manager, receiver, employe, agent, attorney, broker, or member of'' some ''bank or other body corporate, or public company, municipal or quasi municipal corporation,'' while under the latter, it is sufficient that the defendant shall have received, or have possession of, the money or property ''in any

capacity or by any means or manner whatever." Cf. Com. v. Wooden, 94 Pa. Superior Ct. 452, 455.

In at least two instances our Supreme Court has decided that a school district is not a corporation. In Com. v. Beamish, 81 Pa. 389, the defendant was a director of the fourth school district of the City of Scranton and also secretary of the board. He was indicted for altering, mutilating and falsifying a tax duplicate; the indictment was drawn under Section 118 of the Penal Code of 1860 which provides, inter alia, that if any director, or officer of any "bank, or other body corporate, or public company," shall fraudulently destroy, alter, mutilate, or falsify any of the books, papers or writings belonging to the bank, body corporate, or public company, of which he is a director or officer, he shall be guilty of a misdemeanor. The school district was described as "a body corporate, then and there duly and legally organized and existing" under the laws of the Commonwealth. A motion to quash upon the ground that the indictment did not set forth an indictable offense for the reason that the school district was not such a body corporate, or public company as was contemplated by the section, was granted. Upon appeal by the Commonwealth, the Supreme Court said: "It was a mistake, however, to assume a school district to be such a corporation as is indicated in that section. The act of assembly has conferred on the several school districts certain capacities as bodies corporate; such as to sue and be sued; to purchase and hold such real and personal property as may be necessary for the establishment and support of its schools, and to sell the same when no longer necessary for those purposes; and generally to make other contracts therefor in their corporate names. Yet it has not made them strictly municipal corporations. They have neither a common seal nor legislative powers. Like counties and townships, they are quasi

corporations." Another case holding that school districts are not to be treated as municipal corporations is School District of the City of Erie v. Fuess, 98 Pa. 600. It is there said that they "are corporations of lower grade and less power than a city, have less the characteristics of private corporations and more of a mere agent of the state."

As the legislature must be presumed to have had knowledge of these decisions and of the amendment of Section 116 of the Penal Code by the Act of 1878, by adding to the organizations included therein "municipal, or quasi municipal corporations," we are justified in concluding that the omission of such corporations from the Act of 1917 is not without significance.

In the next place, we think it too plain for argument that the present indictments aver that the several sums of money, admitted by the pleas to have been converted by appellant, belonged to the school district and that it was entitled to receive and have them.

With the exception of dates and amounts, each indictment is drawn in identical language. The one upon which the consecutive sentence was pronounced avers that appellant "having received and having possession of $22,704.25 lawful money of the United States of America, money and property which one Grace J. Pettigrew, receiver of delinquent taxes for the School District of the City of Scranton was entitled to receive and have, unlawfully and fraudulently did withhold, convert and apply the same to and for his own use and benefit contrary, etc."

In disposing of the matter now in hand, we must disregard the bill of particulars demanded and furnished in these cases in which it is stated that appellant collected the moneys as delinquent taxes due and owing to the school district, but it is our duty to inspect the information made against appellant before the committing magistrate, and upon which the indictments

were framed. In that information appellant is first charged with the embezzlement, on September 6, 1932, "as agent for the collection of delinquent taxes, and for the receiving of payment of delinquent taxes for the School District of the City of Scranton, ...... a quasi municipal corporation," of the aggregate sum of $17,058.39, and the various items making up that amount, together with the dates upon which they were severally received, are set out at length upon the face of the information. The indictment for embezzlement, as agent, under the Act of 1878, (Appeal to No. 53 February Sessions, 1935) was based upon this portion of the information.

The information next charged that appellant, "having received and having possession of" the same sums, fraudulently withheld and converted them to his own use. The moneys are described as "belonging to the said School District of the City of Scranton, a quasi municipal corporation, and which [it] was entitled to have." Although the Commonwealth might, under the information, have done so, it did not include a count for conversion of the same money in the indictment charging embezzlement as an agent; each of the four indictments based upon the information contained but one count.

The averment in the indictment that Grace J. Pettigrew, receiver of delinquent taxes for the school district, was entitled to receive and have the moneys in question, does not afford an avenue of escape from the situation with which the Commonwealth is confronted upon this branch of the case. It is not averred that the moneys "belonged" to her individually; the plain sense of the averment is that she was entitled to receive and have them as, and only as, the official representative of the school district.

By reason of what has been said, we are forced to the conclusion that even verdicts of guilty of having

done everything charged in these indictments would not show a violation of the Act of 1917; obviously, the pleas of nolo contendere can have no greater force.

The only question remaining is whether the defects in the indictments were cured by the pleas, or could still be urged as grounds for arresting the judgments. The general rule is that a defect, which is one of substance and not of form, is not cured by a verdict or by a plea of guilty. In Delaware Division Canal Company et al. v. Com., 60 Pa. 367, the defendant was convicted of maintaining a public nuisance and a motion in arrest of judgment was denied. Upon appeal, the Supreme Court stated that such motion must be based upon intrinsic causes appearing on the face of the record and may be founded upon exceptions to the indictment, but held that the indictment in that case was sound and exhibited on its face a clearly defined offense and therefore no reason existed for arresting the judgment. In Com. v. Moore, 99 Pa. 570, the defendant was indicted for cheating by false pretenses. The indictment contained two counts, in each of which the false pretense charged was a promise to perform an act in the future. There was a verdict of guilty, but the court below held that neither count set out a false pretense indictable under the statute and arrested the judgment. Upon appeal by the Commonwealth, it was contended that, as the jury had rendered a verdict of guilty, the appellate court must assume that the facts shown by the evidence warranted a conviction, but the Supreme Court said that none of the evidence was before it and that a general verdict of guilty is a finding only of the facts sufficiently pleaded. The defects in the indictment were pointed out and the action of the court below in arresting the judgment affirmed.

In our opinion, the defects in these indictments were substantial and were not cured by the pleas entered

by appellant; it follows that his motions to arrest the judgments should have been granted.

No matter how reprehensible his admitted acts may have been, or how clearly they were additional offenses of embezzlement, under the first section of the Act of 1878, committed by him as an agent for the school district, we may not place these cases within the provisions of this highly penal statute of 1917, unless plainly authorized by its language. The first assignment of error must be sustained.

The judgments appealed from to Nos. 54, 55, and 56 are severally reversed and as to them appellant is discharged.