## Commonwealth v. Forred

C. *Wilson Austin,* assistant district attorney, for Commonwealth.

*Clarence C. Mendelsohn,* for defendant.

MAYS, J., March 3, 1941.—Defendant was found guilty of violating section 884 of The Penal Code of June 24, 1939, P. L. 872, which provides as follows:

"Whoever . . . retains in his possession, for a longer period than ten (10) days, without the written consent of the owner, any electric storage battery upon which the word 'rental' or any other word, mark, or character is printed, painted, or stamped, or to which any such word, mark, or character is attached, for the purpose of identifying the said electric storage battery as belonging to or being the property of any other person, is guilty of a misdemeanor . . ."

Defendant filed motions for a new trial and in arrest of judgment.

The only reason for a new trial that we need to discuss is the ninth, which reads as follows:

"That there was no word marked 'rental' or any other word, mark or character printed, painted or stamped on the electric storage battery or attached thereto, for the purpose of identifying the said electric storage battery as belonging to or being the property of any other person."

The act which makes the retention of a storage battery under certain circumstances a misdemeanor is a penal statute and as such must be strictly construed, and should not be extended beyond the evident intention of the legislature as expressed on its face: Bucher v. Commonwealth, 103 Pa. 528. It definitely provides that there should be a word, a mark, or character painted or stamped thereon, and this for the purpose of identification.

The testimony of the Commonwealth was to the effect that there was a dab or a streak of red paint upon this battery. The Commonwealth should have introduced in evidence the battery, if available, or if unable to do so, to

definitely and specifically describe the "dab" or mark, thus enabling the jury and the court to give the word "mark" a reasonable meaning according to the sense in which it was intended by the legislature.

. In order to make one liable for violating this penal provision there must be more than a visible trace, as a "line, scratch, dot, scar, spot, stain, or blemish"; it must be a "symbol or character, as a stamp, brand, or device, made on or attached . . . to identify, distinguish, or call attention": See Funk & Wagnall New Standard Dictionary of the English Language (1927).

The reasons in support of the motion in arrest of judgment are much the same as the reasons assigned for a new trial. It is nowhere pointed out that there is a defect apparent on the record.

In Commonwealth v. Smith (No. 2), 116 Pa. Superior Ct. 146, Cunningham, J., said (p. 155):

"In Delaware Division Canal Company et al. v. Com., 60 Pa. 367, the defendant was convicted of maintaining a public nuisance and a motion in arrest of judgment was denied. Upon appeal, the Supreme Court stated that such motion must be based upon intrinsic causes appearing on the face of the record and may be founded upon exceptions to the indictment, but held that the indictment in that case was sound and exhibited on its face a clearly defined offense and therefore no reason existed for arresting the judgment."

So in the instant case, the indictment clearly defines an offense, and what reasons are assigned are not apparent on the record.

We, therefore, conclude that the judgment should not be arrested but that the verdict must be set aside and a new trial granted.

And now, to wit, March 3, 1941, the rule to show cause why judgment should not be arrested is discharged, and the rule for new trial is made absolute.