160 P.2d 444

**STATE v. SHROYER.**

No. 4829.

Supreme Court of New Mexico.

April 3, 1945.

Rehearing Denied June 30, 1945.

J. D. Mell and George E. Remley, both of Santa Fe, and Carl H. Gilbert, on motion for rehearing, for appellant.

Edward P. Chase, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

PER CURIAM.

Upon consideration of the motion for rehearing, the previous opinion is withdrawn and the following substituted:

MABRY, Chief Justice.

The appellant was convicted of the crime of larceny of two sheep and sentenced to serve a term in the state penitentiary. From the judgment of the district court this appeal was prosecuted.

Preliminary to a disposition of the merits of the case, it is necessary to determine certain procedural questions arising out of the preliminary hearing.

On September 16, 1941, a complaint was filed by the district attorney in the district court of Rio Arriba County in the First Judicial District, in which appellant was charged with the larceny of sheep in that county. A warrant was issued by the district clerk on the same date by order of the Honorable David Chavez, Jr., Presiding Judge of the First Judicial District, and the case was set for a preliminary hearing before Judge Chavez in the city of Santa Fe, Santa Fe County, in the First Judicial District. The appellant had been arrested without a warrant and lodged in the Santa Fe County jail prior to these proceedings. On October 1, 1941, the date named for the preliminary hearing, he appeared with the counsel before Judge Chavez, in the city of Santa Fe, and entered a plea of not guilty. He made no objection to the proceeding upon the ground that it was conducted in Santa Fe County, or upon any other ground. After hearing evidence Judge Chavez, sitting as a committing magistrate, "ordered, adjudged and decreed that the defendant be, and he is, hereby bound over to await the action of the district

court of Rio Arriba County." His appearance bond was fixed at the sum of $500 in the order. The appellant filed a satisfactory bond and was thereupon discharged from custody.

Before a criminal information had been filed, charging the appellant with any crime, a disqualifying affidavit was entered against Judge Chavez, and upon stipulation of parties dated the 3rd day of June, 1941, Judge James B. McGhee, Presiding Judge of the Fifth Judicial District, was selected to try a case which did not at that time exist.

However, on June 10, 1942, a criminal information was filed in the district court of Rio Arriba County, purporting to charge appellant with the crime of grand larceny, as follows: "David W. Carmody, District Attorney for the county of Rio Arriba, accuses the defendant, Rex A. Shroyer, of the crime of larceny of sheep, and charges that said act occurred on or about the 15th day of August, A.D. 1941 in the county of Rio Arriba, State of New Mexico."

On July 8, 1943, a motion was filed by appellant to set aside the order of the court entered on the first day of October, 1941, by Judge Chavez, holding the appellant to await the action of the district court of Rio Arriba County, and "to quash and set aside as null and void all matters in this cause subsequent to and based on the said order of the court," because it is asserted, that the preliminary hearing had before Judge Chavez in the city of Santa Fe, and the order holding appellant to answer before the

district court of Rio Arriba County to the charge of larceny of sheep "and all of the subsequent proceedings based upon the said hearing" were void, in that the Honorable David Chavez, Jr., sitting as a committing magistrate in the county of Santa Fe was without jurisdiction to inquire into crimes committed in the county of Rio Arriba.

The appellant waived trial by jury and the case was set to be tried to the court on July 19, 1943. On that day the motion mentioned was overruled, the court stating: "I think when you appeared down there (in Santa Fe) in the preliminary with the defendant and then appeared up here in the district court and secured a postponement of the case, you waived the jurisdictional question."

Thereupon the appellant moved to quash the information upon the following grounds:

"1. That said information fails to show * * * any offense committed.

"2. That said information fails to inform the defendant of any facts or information upon which they can determine if they are charged with larceny of one sheep or one thousand sheep, or as to the ownership of the brand of any sheep, that he may be charged with larceny of said sheep.

"3. That said information fails to allege the ownership or right of possession in or to any animals or property.

"4. That said information fails to apprise the defendant of any of the facts upon which he can defend."

This motion was overruled and the cause was set to be tried on the merits on July 26, 1943. On that date, prior to the introduction of testimony, the following appears in the record:

"Mr. Mell: We want to again renew our Motion to Quash in the Shroyer case and add to the motion an allegation that the information does not follow the form as prescribed by Sec. 42-641.

"Court: In what respect, Mr. Mell?

"Mr. Mell; In 651 the definitions are given.

"Court: I will allow you to amend the Information.

"Mr. Livingston: The state now moves that the Information filed herein be amended to show that the defendant, Rex A. Shroyer is charged with the crime of larceny of two sheep belonging to Carlos Manzanares.

"Court: Interline it in the information.

"Court: The district attorney having amended the information to show the ownership, the motion is denied."

After the amendment by interlineation, the charging part of the information was in the following language: "David W. Carmody, District Attorney for the County of Rio Arriba, accuses the defendant, Rex A. Shroyer, of the crime of larceny of *two* sheep belonging to *Carlos Manzanares* and charges that said act occurred on or about the 15th day of August, A.D. 1941, in the County of Rio Arriba, State of New Mexico."

The part in italics was interlined.

At the close of the State's case the following occurred:

"Mr. Mell: If the Court please, we move at this time that the case be dismissed because the allegations in the complaint are that Mr. Shroyer stole two sheep belonging to Mrs. Carlos Manzanares.

، "Court: Carlos, I believe.

"Mr. Mell: Carlos Manzanares, and it appears they were Mrs. Manzanares' sheep, if any were stolen.

"Court: Overruled, he said they were his sheep ear marked as a matter of convenience."

At the close of the case the following appears in the record:

"Mr. Mell: At this time we move the Court for a verdict in favor of the defendant, and for the further reason, we want to recall and enter an objection to the Court allowing the District Attorney to amend his information at the time that the trial was called.

"Court: Motion denied. I find the defendant guilty."

It is asserted that the district court had no jurisdiction to hold the appellant to answer, or to sentence him upon any charge pending before it herein, because (a) there was no legal preliminary hearing; (b) the jurisdiction of any examining magistrate was never invoked; (c) the jurisdiction of the district court was not invoked by the information; (d) the district court was without power to amend the information in a matter of substance; and (e) no preliminary examination was waived.

The question is whether the district court had jurisdiction to hold defendant to answer or to sentence him upon the charge pending before it, for any of the reasons just stated.

▮ The jurisdiction of the trial court to try *this case* did not depend upon whether there was a legal preliminary hearing, or any preliminary hearing. Sec. 14 of Article 2 of the New Mexico Constitution provides "No persons shall be so held (for trial) on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." We will assume for the purposes of this case, but without deciding the question, that Judge Chabez, over timely objection, would have been without jurisdiction to enter the order binding appellant to appear before the district court of Rio Arriba County for trial. Nevertheless, the defendant's right, if any, to object on venue grounds was waived by his appearance and participation in the preliminary without raising the point. Moreover, quite consistent with defendant's failure to object, he later gave bond to appear before the district court; and, after disqualifying the judge, he expressly waived trial by jury; signed a stipulation for another judge to try the case and moved for and secured a continuance—all this before challenging the preliminary. The present ob-

jection comes too late. The defendant may waive the right to trial in the county in which the offense was committed, 22 C.J.S., Criminal Law, § 176, p. 267—and, for a stronger reason, the place of preliminary hearing.

It is urged that the *jurisdiction* of the district court "was not invoked" by the information, and that its amendment at the trial court's suggestion was unauthorized and availed nothing. The amendment by interlineation changed the words "crime of larceny of sheep" to read "crime of larceny of two sheep belonging to Carlos Manzanares."

Sec. 14 of Art. 2 of the Constitution of New Mexico provides: "No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney-general or their deputies * * *."

We conclude, as hereinafter to be shown, that the jurisdiction of the trial court to enter its judgment depends upon whether the original information upon which the appellant was convicted stated an offense against the State of New Mexico.

It is asserted that the information, *before it was amended,* did not state an offense, in that ownership of the sheep alleged to have been stolen was not stated; and that the amendment permitted was one of substance and not merely of form.

When the case was called for trial the defendant objected to the form of the information, and suggested that it did not follow the statutory form. The trial court permitted the district attorney, without objection from defendant, to interline, changing the words "larceny of sheep" to read "larceny of two sheep belonging to Carlos Manzanares." No request, or demand, for a bill of particulars was ever made.

Was (1) the trial court, under the circumstances, without authority to permit the amendment, or to consider the information upon which trial was had as a new one? Or (2) was the original information, absent a request for a bill of particulars, sufficient to charge an offense under the Constitution and our reformed rules of criminal procedure? An affirmative answer to either question would resolve appellant's contention against him. Although our earlier holding, in the opinion now withdrawn, was to the effect that the amendment, under the circumstances, was permissible, that it was equivalent to substituting a new information; and, therefore, the jurisdictional objection urged on such account we held to be without merit. We did not then resolve question No. 2, as above proposed, i.e., whether the original information was sufficient to charge the offense of larceny.

Now, upon reconsideration, we hold that since the record does not disclose that appellant expressly waived a jury trial, to which he had a right if he were to be tried upon an entirely new information, as distinguished from one amended only as to form or particulars, our former position on

this point cannot be sustained. We have held that a defendant may waive trial by jury in a felony case (State v. Hernandez, 46 N.M. 134, 123 P.2d 387) but, as was said in the case of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 263, 74 L.Ed. 854, 70 A.L.R. 263, cited in the Hernandez case, and the reasoning upon which point we adopt, that while the right to jury trial in such cases might be waived "before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, *in addition to the express* and intelligent consent of the defendant." (Emphasis ours.) We now hold that such express consent by defendant was never given, as to any new information. But, this becomes unimportant in view of the conclusion we now reach upon another, and controlling, point.

And this brings us to a consideration of the other, and controlling, question heretofore passed, and upon which the court was, at the time the original opinion was filed, and now is, divided, i. e.: Was the information, as originally drawn, without consideration of any amendment thereafter made (since, under the circumstances, there could be permitted no amendment which would charge an offense if none had theretofore been charged) sufficient to charge an offense?

▇▇▇ We hold that the information, even before amendment, was sufficient under the circumstances to state an offense, although it was subject to such aid as a bill of particulars, had a request for one been made, would bring to it.

The constitutional provision which would here be offended against, if any, is Art. 2, Sec. 14, which provides: "In all criminal prosecutions, the accused shall have the right to appear and defend himself in person, and by counsel; to *demand* the nature and cause of the accusation; * * *." (Emphasis ours.)

Our Constitution does not require that the indictment recite all particulars of the offense. It says only that the accused shall have the right to *"demand* the nature and cause of the accusation." The provision of the statute, 1941 Comp. Sec. 42-608, in providing for a bill of particulars reflects the appraisal which the Legislature gave the constitutional provision, where we find it provided: "When an indictment or information charges an offense in accordance with the provision of section 42-607, but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is *entitled to under the constitution* of this state, the court may, of its own motion, and shall, at the request of the defendant, order the district attorney to furnish a bill of particulars * * *." (Emphasis ours.)

This language is substantially, if not actually, in the language employed in the statutes of other states adopting the short, or reformed, form of indictment or information. The question presented, if resolved as appellant contends it should be, would

strike down substantially this obviously desirable reformed procedure. We would resolve its unconstitutionality with much reluctance and only for compelling reasons in view of the salutary purposes sought to be served, and the well-established rules of construction courts follow.

Our reformed rules of criminal procedure, 1941 Comp. Sec. 42-607, provide:

"Charging the offense.—(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the *name* given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged." (Emphasis ours.)

And another rule, Sec. 42-615, provides: "Ownership.—(1) An indictment or information need contain no allegation of the ownership of any property, unless such allegation is necessary to charge the offense under section 42-607.

"(2) In charging an offense in which an allegation of ownership of property is satisfied by proof of possession or right of possession any statement in an indictment, information or bill of particulars which implies possession or right of possession is a sufficient allegation of ownership." (Trial Court Rule 35-4416).

So, if under Sec. 42-615, "An indictment or information need contain no allegation of the ownership of any property, unless such allegation is necessary to charge the offense under section 42-607", we have the statutory authority, clearly, to omit such allegation. Where there is employed, as here, the *"name* given to the offense by the common law or by a statute", as distinguished from a charge in "either [the] *terms* of the common law or of the statute defining the offense * * *", ownership need not be stated. That is, when there is employed the *name* of the offense, "larceny", alternative (a) authorized under Section 42-607, an allegation of ownership is unnecessary, whereas it might have been necessary if the offense were charged under alternative (b), where the charge would be, not by the *name* of the offense, but in the *terms* of the common law, or statute. And, the defendant is given the right to demand, and he must, under a demand, have all information through a bill of particulars "as he [would be] entitled to under the constitution [and laws] of this state." Section 42-608. Certainly the Constitution (Art. 2, Sec. 14) gives him only "the right to *demand* the nature and cause of the accusation"; and that right the statute dealing with the bill of particulars would expressly protect.

As we appraise the statutes, Sec. 42-607, Sec. 42-608, and Sec. 42-615, the

legislative purpose is easily to be recognized. It is proposed simply that the archaic method which has confounded courts and counsels over the years, where simplicity of expression has been sacrificed to prolixity and verbosity, be now replaced by a more simple and direct one. However, even though we correctly appraise the purpose of the statutes in this connection, we must yet conclude that they do not offend against the Constitution in those provisions hereinbefore discussed; and this we do.

▇▇ When we come to test the constitutionality of the statute it might be said that we test it by the query whether ownership is an essential of the offense, whether it gives character to the act of taking, the crime of larceny, or whether ownership is employed merely by way of description of the offense. The word to "steal" and commit "larceny" mean one and the same thing. State v. Tough, 12 N.D. 425, 96 N.W. 1025, 1028; Matthews v. State, 4 Ohio St. 540; Sneed v. State, 61 Okl.Cr. 96, 65 P.2d 1245; Mathews v. State, 36 Tex. 675; State v. Richmond, 228 Mo. 362, 128 S.W. 744, 745.

It is said in State v. Hennessey, 23 Ohio St. 339, 13 Am.Rep. 253: "The particular ownership of the property which is a subject of a larceny, does not fall within the definition and is not of the essence of the crime. The gist of the offense consists of feloniously taking the property of another; and neither the legal nor the moral quality of the act is at all affected by the fact that the property stolen, instead of being owned by one, or by two or more jointly, is the several property of different persons. The particular ownership of the property is charged in the indictment, not to give character to the act of taking, but merely by way of description of the particular offense."

And we find a like statement in 32 Am. Jur., Larceny, Section 113, where the Hennessey case is cited.

In 36 C.J., Larceny, Sec. 307, we find approval of the general holding that ownership in any particular person is not an element of larceny "since it is a crime to steal the property of another person, whoever that person may be * * *".

It is said in State v. Akers, 106 Mont. 43, 74 P.2d 1138, 1144: "Prior decisions of this court have pointed out that ownership of the property in a larceny case must be shown so as to identify the property to the end that the defendant may, by proper plea, protect himself against another prosecution for the same offense. State v. Moxley, 41 Mont. 402, 110 P. 83. But 'the particular ownership of the property stolen is not "of the essence of the crime." "The fraud is against the owner, but the crime is against the state, and not against the owner, owners or ownership." * * * And while the ownership must be alleged, the allegation does not give character to the act, but is merely a matter of description.' State v. Grimsley, 96 Mont. 327, 30 P.2d 85, 86; and see Henry v. United States, 49 App.D.C. 207, 263 F. 459, and State v. Hennessey, 23 Ohio St. 339, 13 Am.Rep. 253."

An excellent article on the question of the constitutionality of the short form of information is to be found in 14 Iowa Law Review, page 385. The article is by Dean Perkins. He distinguishes between the offense itself and the "particulars of the offense", and shows how the new rules propose to require only a statement of the offense in the *name* used by either common law or statute (the same as is provided by our statute), and leaves it to the bill of particulars upon demand, to give more. And, significantly, he classifies theft of livestock with an offense in which ownership *need not* be included. He says, at page 387:

"And no critical examination of the new statute is possible without appreciating that wherever the word 'offense' appears therein it refers to larceny, burglary, murder, or whatever the crime may be, while such matters as the time of the offense, the *description and ownership* of property stolen, etc., come under the phrase 'particulars of the offense'. (Emphasis ours.)

"With this explanation let attention be directed to subdivision (1) of section 2, and to the second parenthesis of section 1. These provide that the indictment 'is valid and sufficient if it charges the offense for which the accused is being prosecuted * * * (1) By using the name given to the offense by statute * * *.' and that 'the particulars of the offense * * * may be added with the view to avoiding the necessity for a bill of particulars'. In other words the particulars of the offense may be omitted from the indictment entirely if the county attorney prefers to leave them to a separate bill of particulars. If the indictment were worded (after the caption), 'The grand jurors of the county of Johnson accuse John Doe of the crime of burglary, the defendant might be entitled to a bill of particulars to indicate the time of the trespass and whose dwelling was invaded, but the indictment would not be insufficient as an indictment' ".

See also 43 Harvard Law Review, page 122 (1939).

It is obvious that the charge of "larceny" implied the theft of the property of another. The Utah court, appraising this short form rule, identical in language with our own, says: "The complaint met the requirements of subsection (1) (a) of Section 105—21—8 supra, and the name given to the offense as required in Section 103—36—4. State v. Anderson [100] Utah [468], 116 P.2d 398. The information charges the crime of grand larceny. When grand larceny is charged as the crime named in the statute, it is sufficient as indicating the property taken is the property of another. Section 105—21—6; 105—21—8 (1) (a); 105—21—42, Chapter 118, Laws of Utah, 1935." State v. Hartman, 101 Utah, 298, 119 P.2d 112, 113.

██ Cases are cited and relied upon where ownership is held to be essential to constitute a good indictment or information, but most, if not all, of those are not in point since they do not deal with situations arising under the reformed procedure.

We either have the power under the Constitution to simplify our procedure in the interest of surer justice, or we do not have that power. We have many times spoken upon the question of how we treat attacks upon legislative acts as offending the Constitution. "We may not refuse effect to a statute unless it is clearly and beyond a reasonable doubt unconstitutional", we said in State v. Ornelas, 42 N.M. 17, 74 P.2d 723, 724.

It might not be amiss to notice here that the reformed criminal pleading, known as the "short form" indictment or information, was adopted into our rules upon the recommendation of our rules committee, after careful consideration, and upon the sanction of the American Law Institute, which had, itself, given much careful thought to the subject.

Our statute, 1941 Comp. Sec. 41-420, provides that all cases of "felonious taking, stealing * * * and carrying away of any animal or animals * * * shall be deemed and taken to be, and the courts of this state shall construe the same to be grand larceny". So, when it may be said that the information may employ the "*name* given to the offense by the common law or by a statute", Sec. 42-607 (a), we find support for the proposition not only that to steal the property of another is to commit the common-law crime of larceny, but that under Section 41-421, the particular offense here involved also constitutes statutory grand larceny. Ownership of property stolen not being "of the essence

of the crime", it would have been sufficient to have alleged merely that the defendant "committed the crime of larceny" without more. State v. Akers, supra.

The defendant suffered no injustice. He did not, after the amendment, ask for a continuance in order to better prepare his defense. By force of the amendment he was supplied with the information he might have demanded in a bill of particulars.

As to the question raised by appellant with respect to the sufficiency of the evidence to support the verdict of the trial court, little need be said. We held the evidence sufficient upon our original consideration after a painstaking examination; and now, again, upon motion for rehearing, after a careful re-examination, we are of the same mind.

The judgment of the trial court should be affirmed, and it is so ordered.

BICKLEY and LUJAN, JJ., concur.

BRICE and SADLER, JJ., dissent.

BRICE, Justice (dissenting).

I am of the opinion that the *jurisdiction* of the district court "was not invoked" by the information, and that its amendment at the trial court's suggestion was unauthorized.

The Fifth Amendment to the Federal Constitution which has application only to crimes against the United States, provides

among other things, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * *."

The Federal courts have consistently held that this requirement cannot be waived, that it is jurisdictional, and that a judgment and sentence of a Federal court is void as being without jurisdiction to enter it unless the indictment upon which the defendant is tried states an offense against the United States. If the question of the insufficiency of the indictment is raised after trial, or in habeas corpus proceedings, matters of form are waived (no prejudice being shown), and it is sufficient that necessary facts to constitute a crime appear in any form or by fair construction within the terms of the indictment. Hagner v. U. S., 285 U.S. 427, 52 S.Ct. 417, 76 L. Ed. 861; Holmgren v. U. S., 217 U.S. 509, 30 S.Ct. 588, 54 L.Ed. 861, 19 Ann.Cas. 778; Albrecht v. U. S., 273 U. S. 1, 47 S.Ct. 250, 252, 71 L.Ed. 505, in which it is said: "A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court." Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849; Oesting v. U. S., 2 Cir., 234 F. 304; Danaher v. U. S., 8 Cir., 39 F.2d 325; Nicholson v. U. S., 8 Cir., 79 F.2d 387; Moore v. U. S., 10 Cir., 56 F.2d 794; 27 A. J. "Indictment & Information", Secs. 3 and 7.

Sec. 14 of Art. 2 of the Constitution of New Mexico provides: "No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney-general or their deputies * * *."

There is no difference in the meaning of this constitutional provision as it has reference to crimes committed against the State of New Mexico than that of the Fifth Amendment to the Constitution of the United States in its application to Federal crimes. This is held by innumerable cases, State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1; Whitted v. State, 188 Ark. 11, 63 S.W.2d 283; Houston v. State, 203 Ind. 409, 180 N.E. 582; State v. McDonald, 178 La. 612, 152 So. 308; Commonwealth v. Smith, 116 Pa.Super. 146, 177 A. 73; State v. Richmond, W.Va., 22 S.E.2d 537; People v. Patrick, 175 Misc. 997, 26 N.Y.S. 2d 183; Jackson v. State, 71 Okl.Cr. 258, 110 P.2d 929; State v. Estabrook, 162 Or. 476, 91 P.2d 838; Marvel v. State, 3 W. W. Harr. 110, 131 A. 317, 42 A.L.R. 1058; Edmonds v. State, 30 Ohio App. 195, 164 N.E. 649; People ex rel. Battista v. Christian, 249 N.Y. 314, 164 N.E. 111, 61 A.L.R. 794, and see Anno. at 797, 27 A. J. "Indictment & Information" Sec. 7.

I conclude that the jurisdiction of the trial court to enter its judgment depended upon whether the information upon which the appellant was convicted stated an offense against the State of New Mexico; that the appellant by going to trial, without reserving for review any question relating to the mere form of the information, has waived all other questions.

It is asserted that the information *before it was amended* did not state an offense, in that ownership of the sheep alleged to have been stolen was not stated; and that the amendment permitted was one of substance and not merely of form.

If the district attorney had originally added the five words later inserted in the information by permission of the court, it would have been in the statutory form, and this question, regarding which the members of this court are not in agreement, might have been avoided.

The information purports to charge the violation of the following statute: "Any person who shall steal, embezzle, or knowingly kill, sell, drive, lead, or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine, or ass; * * * shall be deemed guilty of a felony, and on conviction thereof", etc. Sec. 41-419 N.M.Comp.1941.

It was held by the Territorial Supreme Court in Wilburn v. Territory, 10 N.M. 402, 62 P. 968, that this statute is a special act, enacted for the protection of the owners of live stock; that it is so entitled, and is no part of, nor has any connection with, the general act defining the punishment of the crime of larceny.

We have held, inferentially at least, in a number of cases (Territory v. Valles, 15 N.M. 228, 103 P. 984; State v. Lucero, 17 N.M. 484, 131 P. 491; State v. Roberts, 18 N.M. 480, 138 P. 208; State v. Cason, 23 N.M. 77, 167 P. 283; State v. Parsons, 23 N.M. 520, 169 P. 475,) that ownership is an element of the crime of larceny of live stock and must be alleged in the indictment; and this is the general rule. Thomas v. State, 96 Ga. 311, 22 S.E. 956; Commonwealth v. Morse, 14 Mass. 217; State v. Ellis, 119 Mo. 437, 24 S.W. 1017; Long v. State, Tex.Cr.App., 20 S.W. 576; People v. Cleary, 1 Cal.App. 50, 81 P. 753; Buffington v. State, 124 Ga. 24, 52 S.E. 19; State v. Wasson, 126 Iowa 320, 101 N.W. 1125; Hughes v. State, 74 Miss. 368, 20 So. 838; State v. Potter, 195 Iowa 163, 191 N.W. 855; State v. Long, 278 Mo. 379, 213 S.W. 436; Looney v. State, 80 Tex.Cr.R. 317, 189 S.W. 954; State v. Jensen, 83 Utah 452, 30 P.2d 203; Von Tonglin v. State, 200 Ark. 1142, 143 S.W.2d 185; People v. Smith, 341 Ill. 649, 173 N.E. 814; State v. Flowers, 311 Mo. 510, 278 S.W. 1040; State v. Cohen, 105 N.J.L. 529, 147 A. 325; Talamentez v. State, 123 Tex.Cr.R. 580, 59 S.W.2d 1084; State v. Behrens, 153 Wash. 280, 279 P. 607; Webber v. State, 70 Ga.App. 95, 27 S.E.2d 411; Ex Parte Clark, 42 Cal.App. 574, 109 P.2d 407; Cassell v. State, 76 Okl.Cr. 79, 128 P.2d 1016, 134 P.2d 372; Byrd v. State, 146 Fla. 686, 1 So.2d 624; People v. Price, 46 Cal.App. 59, 115 P.2d 225; Carter v. State, 138 Tex.Cr. R. 435, 137 S.W.2d 37; Johnson v. State, 186 Miss. 405, 191 So. 127; State v. Conley, Mo., 123 S.W.2d 103; State v. Akers, 106 Mont. 43, 74 P.2d 1138; Lovejoy v. State, 130 Neb. 154, 264 N.W. 417; State v. Phillpot, 222 Iowa 1334, 271 N.W. 617.

The majority apparently agree that the decisions of this court, and courts general-

ly, have held that an indictment or information for the crime of larceny must charge ownership in some person, but that the general rule has been abrogated by certain rules promulgated by this court, as follows:

"Form of information.—The information may. be in substantially the following form:

"In the (here state the name of the court) the ——— day of ———, 19—.

"The State of New Mexico vs. A. B.

"X. Y., ——— district attorney for the county of ———, accuses A. B. of (here charge the offense in one of the ways mentioned in section 42-607—e. g., murder (assault with intent to kill, poisoning an animal contrary to section 31 of the Penal Code) ) and charges that (here the particulars of the offense may be added with a view of avoiding the necessity for a bill of particulars)." Sec. 42-606, N.M.Comp. 1941 (Trial Court Rule 35-4407).

"The indictment or information may charge, and is valid and sufficient· if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways: (a) By using the name given to the offense by the common law or by a statute. (b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

Sec. 42-607, N.M.Comp.1941, (Trial Court Rule 35-4408).

"When an indictment or information charges an offense in accordance with the provision of section 42-607, but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the district attorney to furnish a bill of particulars containing such information as may be necessary for these purposes; or the district attorney may of his own motion furnish such bill of particulars." Sec. 42-608, N.M.Comp.1941, (Trial Court Rule 35-4409).

"Ownership.—(1) An indictment or information need contain no allegation of the ownership of any property, unless such allegation is necessary to charge the offense under section 42-607.

"(2) In charging an offense in which an allegation of ownership of property is satisfied by proof of possession or right of possession any statement in an indictment, information or bill of particulars which implies possession or right of possession is a sufficient allegation of ownership." Sec. 42-615, N.M.Comp.1941 (Trial Court Rule 35-4416).

"An indictment or information need not state any matter not necessary to be proved." Sec. 42-618, N.M.Comp.1941 (Trial Court Rule 35-4419).

"No indictment or information that charges an offense in accordance with the provisions of section 42-607 shall be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling or improper English, or because of the use of sign, symbol, figure or abbreviation, or because of any similar defect, imperfection or omission. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such defect, imperfection or omission." Sec. 42-637 N.M.Comp. 1941 (Trial Court Rule 35-4442).

Sec. 42-641. (Trial Court Rule 35-4446) provides sixteen short forms of indictments and informations that may be used in cases in which they are applicable. The form for larceny is, "A. B. stole from C. D. one horse."

These rules, with others promulgated at the same time, constituting a code of criminal procedure, must be construed together.

The use of the prescribed forms in the preparation of indictments and informations is discretionary, but it can be seen that this court had in mind that ownership was an element of the offense.

According to Rule 35-4419, supra, the information "need not state any matter not necessary to be proved." Larceny is a crime against the possession of personal property and cannot be proved without proof of ownership (general or special) in some person, known or unknown.

Section 14 of Article 2 of this State's Constitution, supra, which provides that no person shall be "held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney * * *" cannot be changed at the caprice of the Legislature, or by rules promulgated by this court; and we should not assume that such rules had that effect if any other construction is possible. Indeed Rule 35-4442, supra, prohibits the amendment of informations except in matters of form, which inferentially means the substance of a crime must be charged. If we can consistently say (which I doubt) that we may by rule change the meaning of the words "indictment" and "information" from their meaning as understood by the people of this state when they adopted the constitutional provision quoted, in 1924; we cannot so change the meaning as that the elements of a crime need not be charged therein.

The statute under which appellant stands charged, is special, and the crime charged is statutory. The value of the property stolen is not an element of the crime, as in common-law grand larceny; but irrespective of the value of the property stolen the statutory name for the crime is "grand larceny." Sec. 41-420 N.M.Comp. 1941.

According to Trial Court Rule 35-4408, supra,

"The indictment or information may charge, and is valid and sufficient if it

charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute."

Obviously this way of describing the offense was not followed.

The second way is as follows: "By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

It is difficult to separate the "definition" of larceny of livestock from the other offenses named in the statute, and I will not attempt it. This court never intended that one could be held for a crime on a void charge. It appears from other of these rules that the name of the owner must be alleged. The form prescribed for larceny (A. B. stole from C. D. one horse), and Rule 35-4416 providing the manner in which ownership may be charged, strongly indicate that there was no intention that this essential allegation could be dispensed with.

I have not overlooked Trial Court Rule 35-4416, supra. The first paragraph has no application because the allegation of ownership is, and has always been, necessary in this state to charge the offense of larceny of livestock. The second paragraph does not apply because, while proof of possession satisfies the allegation of ownership, there is no statement in the information which implies possession or right of possession in any person.

We stated in State v. Roy, 40 N.M. 397, 60 P.2d 646, 657, 110 A.L.R. 1: "If an indictment or information be deemed insufficient, we have provided by rule that the defendant may call for a bill of particulars. This protects the rights of the accused. This bill of particulars must state as much as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged. This bill of particulars becomes a matter of record. The information and bill of particulars can be read together."

We did not intend to say that if an indictment or information is so defective as that it does not charge an offense, that a bill of particulars could remedy the information, notwithstanding it becomes a matter of record. The information and bill can be read together and do protect the defendant against all matters of form supplied by it. But if there is a total failure to state a crime in the information, it is not remedied by a statement of the deficiency in that regard in the bill of particulars.

This is evident from the following statements in the opinion in State v. Roy, supra:

"Certain elements of an information became early established as indispensable, viz.: (1) A statement of the particular crime of which the defendant is accused; (2) a statement of the act or acts done by the defendant constituting the crime. This

was, *and still is,* the established law in this jurisdiction. * * *

"An information or indictment is sufficient if *from its language and form those elements which the Constitution guarantees to an accused are therein found.*" (Emphasis mine.)

We were discussing approvingly the sufficiency of an information that charged the crime of murder in the statutory short form, which is: "A. B. murdered C. D."

It is stated in the majority opinion, "Ownership of property stolen not being 'of the essence of the crime', it would have been sufficient to have alleged merely that the defenadnt 'committed the crime of larceny.'" In other words, an information charging that "the defendant stole" is sufficient. But why be so liberal with information to one charged with crime? Why would not it be sufficient to charge that the defendant "commited a felony"? Or to hide from him all possible information and simply charge that he "committed a crime." The district attorney could, under the form suggested by the majority, prove ownership in any one of hundreds of owners of sheep in Rio Arriba county. It would charge no specific crime. It is suggested that ownership could be supplied by a bill of particulars. It would be just as easy so to supply the information if the charge was that the defendant "committed a crime," or it could be so supplied without an indictment or information.

There being no information as required by the State Constitution to authorize the holding of the defendant to answer for a felonious crime, the judgment should be reversed and the cause dismissed.

SADLER, J., concurs.